Next case on our calendar this morning is number 203831, Vandermast v. Wall & Associates, and I believe we have counsel for the Vandermast who will be participating via Zoom. All right, Mr. Yacoulin, as you can see, I am Judge 5, Judge Carney, Judge 7 is Judge Sullivan, and Judge Etkin is Judge 3. I don't know how we appear on your screen, but here we just have numbers, so I wanted to make sure you knew who we were. Can you hear? I think you're on mute, sir. How's that? That's much better. Much better. Okay, thank you. Please proceed. May it please the Court, first of all, thank you for permitting me to argue by Zoom today. I appreciate that. Certainly. This was a case that began in Springport, Niagara County as an individual claim to recover various monies paid under a tax services agreement. It was transformed eventually into a class action, which was removed to U.S. District Court in 2020. Judge McCarthy heard a motion to dismiss based on a form of nonconvenience. The judge granted the motion, and primary ruling, I believe, was the judge found that we were clearly stopped from challenging the forum selection clause based on our decision made by Judge Caruso in Niagara County. Judge Caruso did grant a motion to dismiss. In order for the clerical estoppel doctrine to apply, it would have to appear that the issue that Judge McCarthy ruled on was identical to the issue which Judge Caruso heard, and it can't be the case for the simple reason that the class action case contained a claim under Section 349 of the General Business Law, which wasn't even for Judge Caruso. Mr. Yankel, even if collateral estoppel, if you're correct, that was not an identical claim, wasn't it a claim that could have been brought on the first go-round in the 2016 lawsuit? Because it's based on the same collection of facts, it has a statutory overlay, but there's nothing really in my mind that distinguishes it other than that there's a statutory endorsement of the cause of action. So couldn't it have been brought in the first lawsuit? And if so, why does a claim preclusion, res judicata, prevent you from raising it now? First, let me say, I would say that whoever was handling the case at that point thought of it, I'm sure they could have brought it that way. You say they could have brought it.  I think that would be correct, Your Honor. First of all, with respect to claim preclusion, Judge Caruso ruled that he didn't rule on commerce in his September 2018 decision. He ruled that the fraud claim was not made with proper particularity. He didn't reach the question of whether or not the language of the Foreign Selection Clause applied to the claims during the case. I don't believe the claims are the same. I know I mentioned that in my brief, and I probably shouldn't have done that in that manner. The claims aren't the same. Wait, wait. Please go ahead, Judge Sullivan. I thought Judge Caruso concluded that the Foreign Selection Clause should be enforced and that the matter should be handled in Virginia courts. Am I missing something? And then later, Judge Caruso ruled that... Well, I know he said some stuff later, but that was his ruling on the motion to dismiss that he granted, right? He did grant it with respect to the claims that, in fact, did not include the GBL 349. No, no, I get that. But he certainly ruled on the Foreign Selection Clause. And it seems to me your argument for collateral estoppel or issue preclusion is that it ain't the same issue if it's the same clause but a different underlying cause of action. So I think that's your argument, right? No, not exactly, Judge. Also, Judge Caruso did not rule with respect to the language of the Foreign Selection Clause and whether or not the claims involved in the case came within the language of the clause. And I have to say that I believe that's correct, if I can proceed with respect to that point. This Court said... He said the Foreign Selection Clause should be enforced and this matter should be handled in the Virginia courts. Is that not ruling on the Foreign Selection Clause? With respect to the claims in front of the judge then, I understand, Judge, that it does appear confusing. I think the Court should give some credence to how Judge Caruso did construe his own ruling. And that's how he construed his own ruling. Also, let me just point out that a fraud claim and a GBL 349 claim are not identical. The Court pointed that out in the Pollan versus McDonald's case. They're different claims. The common law fraud claim differs from a Section 349 claim in the sense that a 349 claim doesn't require proof of standard, doesn't require proof of reliance. It deals with a much wider scope of wrongful conduct. Well, assuming... I'm sorry. It's tricky with the Zoom. This is Judge Sullivan, Judge number seven. But assuming all that's true for the moment, I guess the question is why isn't the GBL claim also covered by this Foreign Selection Clause? If we just put claim preclusion, excuse me, issue preclusion to the side. And I mean, that's the alternate basis for the District Court's dismissal, right? I'm happy to respond to that, Judge. Okay. I'm going to refer to the Court's decision, and it's the Alt-Bader-Gessler case. I have the entire statement, really, if I don't have it in front of me. Where the Court says you need to focus on the precise language of the Foreign Selection Clause in order to determine whether it applies to the GBL 349 claim. And the precise language of the Foreign Selection Clause leads to the only conclusion here, which is possible, which is the Foreign Selection Clause doesn't apply to the 349 claim. Well, the language of the Foreign Selection Clause is pretty broad. Any action by the Vandermats to enforce this agreement or concerning services under this agreement, that seems to cover just about everything, doesn't it? No. No? To enforce this agreement. No, Your Honor. With all due respect, no. To enforce this agreement. Okay. Concerning services under this agreement. Under the agreement. So why does this not—so let's focus on that. Why does this not cover—why is this not covered by services under this agreement? Because the GBL 349 claim relates to wrongful conduct which predated the agreement. The Foreign Selection Clause presupposes the existence of an agreement. There was no agreement when the wrongful conduct—there was no agreement in place yet when the website went online, when the TV advertisement was done, when the radio advertisement was done, which we complain about. But the essence of their complaint is they want their money back, and they paid the money under the agreement. And this is part of the course of conduct that led them to engage in, to execute the agreement. Isn't that right? I mean, without them having paid money under the agreement, they have no claim. That much I'd have to agree with, Your Honor. But that's—I wouldn't—I can't—with all due respect to the Court, I don't agree that the 349 claim, our complaint, relates to an enforcement—claims to enforce the agreement or claims to provide services to the agreement or charges of billings under the agreement. They predate the agreement. And that's the Riley-Willis case, which we cite in our brief, concerning conduct relative to some kind of licensing agreement where the court ruled the Foreign Selection Clause focused on agreement can't apply to the 349 claim concerning conduct which predates the agreement. But you're not seeking damages for anything that predates the agreement, are you? We're seeking—well, we're asserting that due to the deceptive conduct which predated the agreement, we're entirely recoverably paid under the agreement. You're not asking—you're not asserting any— there's no daylight between the damages under the GBL claim, it seems to me, for the named plaintiffs, and the damages under the fraud claim. You want basically the $23,000 and change, presumably plus interest, back, right? I would agree with that, Judge, yes. Okay. Okay, very good. You have two minutes of rebuttal. We'll hear from Mr. Kazan. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Harry Kazan with the Law Firm of Minson Gold for the Appleby Law and Associates, Inc. This case, from Wall's perspective, is fairly simple. There is a forum selection clause in an agreement, and there are two grounds for which the Court below found it enforceable. The first is that the issue had been litigated before Justice Caruso. He issued a written opinion. That written opinion was clear, as I believe Judge Etkin has quoted the language from, which said the forum selection clause should be enforced. That decision was not appealed, and that was a final decision from those proceedings. The plaintiff then filed a second complaint, and a forum order was entered simply denying the defendant's motion to dismiss. Justice McCarthy and Judge McCarthy and Magistrate Judge McCarthy addressed the issue and cited case law explaining that the written opinion is what is given predominant consideration, not what may have been some parole statement by Justice Caruso subsequently. So the Court analyzed whether collateral estoppel should apply and found it should. But in terms of collateral estoppel, it seems to me that the issue of the applicability of the forum selection clause to the statutory claim is really not identical to the common law fraud claim. I mean, New York state legislatures expressed public policy in how it framed Section 349, and it may reflect also a judgment that New York residents have special protections against certain kinds of fraud. Forum selection, it doesn't necessarily arise directly out of agreement in the same way. I mean, we've been exploring how the remedy that has been sought is the same. But I was a little unclear that we could really comfortably characterize it as an identical issue. Well, Your Honor, Judge McCarthy did address that, and we cited the FIDO's offenses regarding the fact that case law suggests that the issues don't have to be completely identical because it allows then for parties to pursue article pleading and try to get along, try to get outside of what their original claims were. Here we cited to the original complaint, which talks about the fact that there was fraud and misrepresentation in connection with the services. Regardless of how GBL 349 and fraud differ in terms of their various elements of proof, which is really that GBL 349 encompasses a greater amount of conduct that it's aimed at and then removes the requirement of reliance from maintaining causation, but removes the issue of reliance from a traditional fraud claim. So the issue then was let's look at the original complaint. The original complaint says there was fraud in the services. And then Justice McCarthy—apologies to Judge McCarthy— Judge McCarthy then says the plaintiffs conceded that the GBL 349 and the original fraud claim were the same. So I don't know how the appellants get around that concession. And when you actually look at the root cause, what the appellants are essentially complaining about is saying we were deceived into entering the agreement that was fraud. Now we're going to replete it and say we were deceived into entering the agreement because of your fraudulent practices and because of advertisements and because of misrepresentations that were said. You never—I'm sorry to interrupt. You never argued claim preclusion, right? We argued collateral stoppage. Okay. So I sense from Judge Carney's question earlier that maybe there was a claim preclusion argument here that in the initial State case, plaintiffs could have added a GBL claim. It's all the same facts, probably the same damages, and therefore the whole claim should have gone. But you didn't argue that at any point. Am I correct? You are correct, Your Honor. Okay. We did not— So no court has passed on that. Correct, Your Honor. We relied solely on collateral estoppel as our first grounds and then a reading of the Forum Selection Clause as our second ground. And if you read the Forum Selection Clause, and as Your Honor stated, it does seem pretty broad and obviously, you know, the issues with the way courts analyze it is what does the language say. You never argued that Virginia law applies in terms of choice of law, did you? Because there is that language in the same provision that says this agreement is subject to the laws of Virginia. We did not argue that Virginia law applied to this. However, we did cite Virginia law showing that the result would be the same. But we did argue under New York law that the choice of law for enforcement of the Forum Selection Clause— I'm sorry. Could you speak up a little bit? Certainly, Your Honor. We did argue that the Forum Selection Clause choice of law should be under New York law. However, we also cited Virginia law to demonstrate that the result would not be different. And I don't believe the appellants have raised the argument that Virginia law would be different either, and therefore, based on the record below, the choice of law analysis should focus on New York law as opposed to Virginia law. Virginia law would cover the merits. But again, recognizing that it might have been an open question, which is why we did cite to the case law supporting that. And so, you know, turning to the Forum Selection Clause, the issue is, is that is this a complaint ultimately that deals with charges under the agreement or services under the agreement? I believe the appellant has said it again, as it is said multiple times in their papers, that they believe they were unfairly charged for services that they did not receive or did not think that that was the value. And that is the essence of a GDL claim as well, which is normally that there's a difference in purchase price on a product, you know, that you didn't get the benefit of that bargain. So however couched, whether it's a contract claim or a court claim, ultimately what these claims are going towards is unfair charges, services not provided, or services misrepresented. So even assuming, you know, obviously we can test that as a merits issue, certainly from a Forum Selection Clause issue, that should be deemed to encompass these types of claims. I wonder if there isn't some daylight, though, between the argument that the plaintiffs are making that it's sort of fraud in the inducement, fraud in advertising, leading the two plaintiffs to sign up for the services as opposed to fraud concerning the services themselves. Doesn't that make the GDL claim potentially different? Not as a matter of substance, Your Honor. I think as a matter of proof, perhaps. So if you actually look at the original complaint, it is effectively a fraud in the inducement claim. And part of when you read Justice Caruso's opinion, what it looked like Justice Caruso was getting at was to say, are you arguing that you fraudulently induced the—potentially fraudulently induced the provision? Because we know from other jurisprudence involving arbitration and Forum Selection Clauses that if you fraudulently induced that individual provision, which is generally separate than a claim of fraudulently inducing an agreement, which would then go back to arbitration or here, we believe, subject to a Forum Selection Clause, then you're sort of stuck with either the arbitration agreement or the Forum Selection Clause. And so the original complaint was that. It was saying, look, you misrepresented these things, and we entered into this agreement as a result. Justice Caruso looked at that and said, I don't think you've played that with particularity, and the Forum Selection Clause should be enforced, and you should be back in Virginia. And the only other thing I would add at this point, Your Honor, is that, you know, then assuming that the Forum Selection Clause, and you agree that the Forum Selection Clause, and obviously the lower court did as well, is part of—should be enforced, then the question is you turn to the Roby factors to say, is there a basis not to? And we've addressed this issue in our brief with the idea of appellants effectively rely on a California case, interpreting California law, but there's applicable New York law that looks directly at Forum Selection Clauses and class action remedies and have found that the Forum Selection Clause is going to trump that argument. And so there are—appellants are unable to establish that the Roby factors are met, and therefore we would ask that the Court affirm the decision of Judge McCarthy and Judge Sinatra in finding both grounds to find the Forum Selection Clause enforceable. Thank you very much. And with that, I'll cede my time unless there are other questions. Okay. Thank you very much. Thank you. Mr. Iancalunas, you have two minutes of rebuttal. Thank you, Your Honor. There is a very significant difference between Virginia law and New York law, which is there is no class action remedy available in Virginia law, which brings me to public policy issues. Federal law governs whether or not the Forum Selection Clause applies here, and under the Brennan-Grussis-Zapata case, the Forum Selection Clause won't be enforced or shouldn't be enforced if public policy in the forum state where the case was initiated will be contravened. New York certainly does have an important policy or a strong policy with respect to Forum Selection Clauses, but it also has an important public policy with respect to class actions. I'd ask the Court to look at the First Department's decision in Brandon-Grussis-Zapata, which we cite in our brief, where the First Department refers to the public benefits of class actions and how class actions induce socially and ethically responsible behavior. And as I've indicated, the Forum Selection Clause requires the case to be prosecuted in Fairfax County. There are no federal courts in Fairfax County. Therefore, it has to be commenced and litigated in state court where there are no class actions available. Now, by citing the Ninth Circuit's case in Doe v. AOL, we're not asking the Court, notwithstanding what the respondents say, we're not asking the Court to apply California law. We're not asking the Court to apply California policy. We're asking the Court to focus on New York policy and the importance of class actions. Certainly, we are well aware of the fact that Judge McCarthy was not obligated to follow that case, but it's an important case because it's a Ninth Circuit case, a recent Ninth Circuit case. But there are— Actually— I'm sorry to interrupt, but there are New York cases that stand for the proposition that a contract can bar class actions and that will not be found unconscionable or violative of public policy. Doesn't it stand to reason that a provision like this one that provides for a Virginia forum wouldn't offend New York public policy if an outright prescription of class actions doesn't? Judge, I'm sorry. I'm not following your question. I'm saying that New York courts have allowed contracts that say you can't bring a class action. Correct? Do you understand? Do you agree with that? I'm not aware of those cases, Judge. I'm not disputing or honoring, but I'm not aware of those cases. I'm sorry. Okay. Why don't you just take a minute, sir, to wrap up, please. Okay. With respect to the Roe v. Factors cases or forum clauses that offend public policy as a Roe v. Factor, forum selection clauses which prevent or provide or prevent a party from getting their remedy violate the Roe v. Factors. I'm not suggesting there's no remedy at all. I am suggesting, and I'm making the argument that this particular forum selection clause will deprive these parties of a class action. And there's also COVID. I mean, these parties would require to litigate in Virginia during the pandemic. Let me just conclude by asking the court to reverse Judge McCarthy, reverse Judge Sinatra, and restate this case. Very good. Thank you. Thank you very much. Thank you both. We'll reserve decision. Thank you, Your Honor.